UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TOWN OF HUNTINGTON,

                                                         MEMORANDUM AND ORDER

              Plaintiff,                                CV 09-3232

-against-                                    (Wexler, J.)

AMERICAN MANUFACTURERS
MUTUAL INSURANCE COMPANY,

                     Defendant
-----------------------------------------------------------X
APPEARANCES:

    JOHN J. LEO, ESQ.
    TOWN ATTORNEY, TOWN OF HUNTINGTON
    Attorneys for Plaintiff
    100 Main Street
    Huntington, New York 11743

    TORRE. LENTZ, GAMELL, GARY & RITTMASTER, LLP
    BY: STEVEN H. RITTMASTER, ESQ.
    Attorneys for Defendant
    100 Jericho Quadrangle, Suite 309
    Jericho, New York 11753-2702

WEXLER, District Judge:

The Town of Huntington (the "Town") commenced this action against Defendant American Manufacturers Mutual Insurance Company ("AMICC"), alleging breach of two separate construction performance surety bonds, and breach of a state court "so ordered" settlement agreement. AMICC moves to dismiss the complaint, pursuant to Rule 12(b)(6) and (7) of the Federal Rules of Civil Procedure on the grounds of res judicata, and failure to name a necessary party. For the reasons set forth below, the motion is granted.

1

## BACKGROUND

### I. The Parties and Prior Proceedings

AMICC is surety on two performance bonds executed in favor of the Town in 2002, and 2003 (the "Bonds"). The principal on both bonds is an entity known as Half Hollow Construction Co., LLC. ("Half Hollow"). As surety, AMICC agreed to reimburse the Town for any damages incurred as a result of Half Hollow's failure to perform work at a residential housing project located within the Town, known as "The Greens at Half Hollow" (the "Greens"). This litigation arises out of alleged construction deficiencies with respect to, inter alia, drainage and paving work at the Greens.

This is not the first litigation arising out of construction work covered by the Bonds. In December of 2005, the Town commenced an action in the Supreme Court of the State of New York against, inter alia, AMICC and Half Hollow (the "State Court Litigation"). The causes of action asserted in the State Court Litigation name AMICC as surety, and Half Hollow, as principal, with respect to the same Bonds alleged to have been breached in this action. The State Court Action was settled, by way of a "so ordered" settlement agreement (the "Settlement Agreement"). While the parties to the Settlement Agreement include only the Greens and the Town, recitals in the Settlement Agreement refer specifically to the intent to settle not only the State Court Action, but also other pending state court actions involving construction issues that have arisen with respect to the Greens. These actions, referred to as the "Litigation Matters," name as Defendants not only Half Hollow and AMICC, but other entities and insurance companies acting as principals, and sureties on other performance bonds executed in connection with construction at the Greens.

2

As noted, the only parties to the Settlement Agreement are the Town and Half Hollow. The agreement contemplates the completion of further construction work by Half Hollow at the Greens. It acknowledges the existence of the performance bonds in effect (including the bonds at issue here), and states that those bonds shall be released and cancelled, upon completion of the work set forth in the Settlement Agreement.

The Settlement Agreement states that within ten days of its signing, the parties thereto would execute a stipulation of discontinuance with prejudice. The filing of that stipulation is stated to be without prejudice to the parties' right to enforce the Settlement Agreement, and the agreement provides for the continuing jurisdiction of the State Court for such purpose. The Settlement Agreement also contains a general statement that the agreement is "without prejudice to the rights of any party to exercise any right or remedy not inconsistent with or contrary to the terms of" the Settlement Agreement. The stipulation of discontinuance with prejudice of the State Court Action was executed, and 'so ordered," in June of 2008. It is signed by the Town's attorney on behalf of the Town, and by a single attorney stated to be the "Attorney for Defendants."

II. The Present Action

This case arises out of the same set of facts, and seeks recovery pursuant to the same performance bonds, referred to in the State Court Action. Unlike that action, this case names only AMICC, (the surety) as a defendant, but does not name Half Hollow, the principal on the Bonds.

The causes of action in the complaint seek recovery pursuant to the Bonds. The "background" section of the complaint refers to the State Court Action, and the Settlement

3

Agreement, and alleges that Half Hollow has refused to comply with its obligations pursuant to that agreement. In addition to seeking recovery pursuant to the Bonds, this action seeks to hold AMICC liable for breach of the Settlement Agreement.

III. The Motion to Dismiss

AMICC moves to dismiss on two separate grounds. First, AMICC alleges that this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground of res judicata. This argument relies on the settlement of the State Court Action, and accompanying dismissal with prejudice of that action. The second ground seeks dismissal pursuant to Rule 12(B)(7) of the Federal Rules of Civil Procedure on the ground that the Town has failed to name a necessary party. This branch of the motion argues not only that AMICC did not sign the Settlement Agreement, but that Half Hollow, the only party signing the Settlement Agreement on behalf of the defendant parties to the State Court Action, is a necessary party to any action alleging breach thereof. It is further argued that because the naming of Half Hollow as a defendant here would destroy diversity jurisdiction, dismissal for lack of subject matter jurisdiction is required.

## DISCUSSION

I. Standard for Motions to Dismiss Pursuant to Rule 12(b)(6)

In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft quoted" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id</u>. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to

4

state a claim of relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true, and draw inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852*2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

When considering a motion to dismiss for failure to state a claim, the court can consider the facts as set forth in the complaint, documents attached thereto and those incorporated in the complaint by reference. Stuto v. Fleishman, 164 F.3d 820, 826 n. 1 (2d Cir.1999); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir.1991). Such consideration includes documents of which plaintiff had notice "and which were integral to their claim ... even though those documents were not incorporated into the complaint by reference. Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir.1993); Cortec Indus. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991). In this case, such documents include the documents generated in the course of the State Court Proceeding, including the complaint and the Settlement Agreement.

II. Disposition of the Motion

A. Necessary Party: Rule 19 Standards

Rule 19 of the Federal Rules of Civil Procedure provides for a two part inquiry for determining whether failure to join a necessary party requires dismissal. First, the court determines whether the party alleged to be necessary is, indeed, "necessary," within the meaning of the rule. Fed. R. Civ. P. 19(a)(1). Viacom Intern, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000). Rule 19(a) sets the standard for this determination, providing that a party should be

joined where:

>(A) in the person's absence the court cannot accord complete relief among the existing parties, or
>
>(B) the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>>(I) as a practical matter impair or impede the person's ability to protect that interest, or
>>
>>(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a).

If it is determined that the party alleged to be necessary does not fall within the definition above, the inquiry ends, and the motion must be denied. If, on the other hand, the court holds that the party is necessary, and joinder is "feasible," the court orders joinder, and the matter will proceed.

In the event, however, that the court holds that the party alleged to be necessary is, in fact, necessary, and joinder is not feasible, the court must consider the second part of the Rule 19 analysis. Rule 19(b) asks whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). This inquiry requires the court to consider the factors set forth in Rule 19(b). Specifically, those factors are:

>(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
>(2) the extent to which any prejudice could be lessened or avoided by:
>
>>(A) protective provisions in the judgment,
>>
>>(B) shaping the relief, or

(C) other measures;

(3) whether a judgment rendered in the person's absence will be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

B.  Disposition of Rule 19 Motion

Here, the party alleged to be necessary is Half Hollow, the principal named on the Bonds. To summarize the procedure above, this court must consider : (1) whether Half Hollow is a necessary party and should be joined, (2) whether Half Hollow's joinder is feasible, i.e., whether joinder will deprive the court of subject matter jurisdiction, and (3) whether, if Half Hollow is a necessary party, but joinder is not feasible, the court may in equity and good conscience, allow the action to proceed with the existing parties. See Viacom, 212 F.3d at 724-25.

At the outset, the court recognizes, and the parties do not dispute, that in the ordinary course, a principal is not a necessary party in an action brought to recovery on a surety bond. See Union Switch & Signal, Inc. v. St. Paul Fire and Marine Ins. Co., 226 F.R.D. 485, 490-91(S.D.N.Y. 2005); Huber Lathing Corp. v. Aetna Cas. and Sur. Co., 517 N.Y.S.2d 758, 760 (2d Dep't 1987). This case however, is easily distinguishable from the typical case commenced to recover upon a surety bond. Here, the complaint is clear and unequivocal in its allegation that AMICC is liable for breach of the Settlement Agreement. In view of the fact that AMICC is not a party to the agreement alleged to have been breached, the court, for the reasons set forth below, concludes that Half Hollow is a necessary party within the meaning of Rule 19(a).

The parties to the Settlement Agreement are the Town and Half Hollow. The obligations

of Half Hollow pursuant to the Settlement Agreement are significant construction obligations over which AMICC has no control. Because it would be impossible to fairly litigate the issue of breach of the Settlement Agreement in the absence of Half Hollow, it is a necessary party within the meaning of Rule 19(a). Half Hollow is a New York Limited Liability Corporation. Where, as here joinder of the necessary party would destroy diversity jurisdiction, its joinder is not "feasible." See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 108 (1968); Underpinning & Foundation Skanska, Inc. v. Berkley Regional Ins. Co., 262 F.R.D. 196, 201 (E.D.N.Y. 2009). Accordingly, the court turns to consider whether "in equity and good conscience," this action should proceed or be dismissed. See Fed. R. Civ. P. 19(b).

Under the circumstances of this case, the court holds that dismissal is appropriate. At the core of this case is whether Half Hollow breached the Settlement Agreement. That is a matter than cannot be adjudicated in the absence of Half Hollow. Indeed, any judgment rendered here regarding breach of the Settlement Agreement would likely BE unfair, inadequate, and prejudicial to Half Hollow. Equitable considerations overwhelmingly favor dismissal of this action. The parties here, along with numerous unnamed entities, have been litigating construction issues regarding the Greens project in New York State Court for a number of years. Those cases culminated in a comprehensive settlement subject to the continuing jurisdiction of the state court.

In light of the continuing oversight of the construction at issue and the State court's jurisdiction over all necessary parties, the commencement of this isolated federal action is likely nothing more than an attempt to invoke the jurisdiction of this court to exert pressure with regard to the Settlement Agreement. If the Town were truly interested in pursuing its rights under that

agreement it could easily invoke the enforcement mechanism set forth therein by returning to the State Court judge who signed the agreement, and agreed to preside over disputes.

That court is in the best position to adjudicate the remaining construction issues and arrive at a fair and informed result. Accord Underpinning, 262 F.R.D. at 202 (dismissing case pursuant to Rule 19(b) where, inter alia, parallel state court proceedings constituted an "accessible forum" to pursue the construction litigation at issue).

III. Remaining Issues

In light of the fact that this court has held that Rule 19 requires dismissal, the court need not reach the res judicata issue, and expresses no opinion as to the merits thereof.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss. The Clerk of the Court is directed to terminate the motion to dismiss and to close the file in this matter.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 3, 2010